IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARBARA JO THOMAS,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Case No.   13-cv-470-SCW** |
| | ) |
| **DAVID HYDE and RANDALL D.** | ) |
| **HENDENHALL,** | ) |
| | ) |
| **Defendants.** | ) |

<u>MEMORANDUM AND ORDER</u>

**WILLIAMS, Magistrate Judge:**

### I.   <u>Introduction</u>

Before the Court are two Motions to Dismiss filed by Defendant Randall D. Mendenhall (Docs. 32 and 33) and Defendant David Hyde (Doc. 35).   Plaintiff has filed Responses to both motions (Docs. 37 and 39, respectively).   Defendant Mendenhall (Doc. 38) and Defendant Hyde (Doc. 40) have both filed Reply briefs.   Based on the following, the Court **GRANTS** Defendant Mendenhall's motion to dismiss (Docs. 32 and 33) and **GRANTS IN PART AND DENIES IN PART** Defendant Hyde's motion to dismiss (Doc. 35).

### II.   <u>Procedural Background</u>

Plaintiff Barbara Jo Thomas filed her original Complaint on May 20, 2013 citing 42 U.S.C. § 1983 and alleging that Defendants violated her right to personal privacy, her substantive due process rights, and violated her Constitutional Rights by placing her in a position of danger (Doc. 2). Her original Complaint was dismissed by District Judge Michael J. Reagan for failure to state a claim. Plaintiff was granted leave to amend her Complaint and she filed an Amended Complaint alleging claims under § 1983 and 5 U.S.C. § 557 on November 27, 2013 (Doc. 24).

Plaintiff's Amended Complaint alleged that she lived in Olney, Illinois and sometime prior to May 24, 2011 she learned that illegal gambling was taking place at the Olney Eagles Club (Doc. 24 at ¶ 6a).   Plaintiff submitted a report of the gambling to a website maintained by the Illinois Liquor Control Commissions, trusting that the information would remain confidential due to a statement on the Commission's website (*Id.* at ¶ 6b; Exhibit A).   Her report included her name, address, and the illegal activities she observed at the Eagles Club (*Id.* at ¶ 6c).   Defendant Mendenhall, an investigator with the Commission, relayed Plaintiff's complaint, without first redacting her name or providing instructions about the confidential nature of the information, to Defendant Hyde, the Richland County State's Attorney (*Id.* at ¶ 6d).

Hyde filed a complaint and sought appointment of a special prosecutor to handle the case on April 21, 2011 (*Id.* at ¶ 6e).   David Rands was appointed special prosecutor on April 26, 2011, which Plaintiff alleges relieved Hyde of his prosecutorial duties (*Id.* at ¶ 6f).   However, Plaintiff alleges that on May 24, 2011, Hyde transmitted the complaint and Plaintiff's identifying information to John Racklin, counsel for Olney Eagles Club (*Id.* at ¶ 6j).   This occurred the same day that Racklin entered his appearance for Olney Eagles Club and the case against the club itself was dismissed.   Robert Stahlman, president of the Club, also appeared in court that day, pled guilty, and received court supervision for the illegal gambling (*Id.* at ¶¶ 6g-h).

On June 1, 2011, Plaintiff received a telephone call indicating that her information had been disclosed and that members of the Elks Lodge and Eagles Club knew she was the one who made the complaint about the illegal gambling (*Id.* at ¶ 6k).   Subsequently on August 17, 2011, Plaintiff received an anonymous letter from the Eagles with a copy of her report on the gambling (*Id.* at ¶ 6m).   The communication was sent to Plaintiff in an effort to intimidate and harass her (*Id.* at ¶ 6n).   The receipt of the letter made her emotionally distraught and in fear of her safety (*Id.*).

Plaintiff's Amended Complaint alleges that Hyde's and Mendenhall's actions were in violation "of her right of personal privacy", was in "violation of substantive due process", and placed her "in a position of danger in violation of her Constitutional Rights." (Doc. 24 at ¶ 6). She specifically alleges that the disclosure was in violation of her constitutionally protected privacy interests in not having personal or sensitive information made public in violation of the Fourteenth Amendment. She also alleges that the disclosure affected her reputation as a public employee and thus violated her liberty interests under the Fifth and Fourteenth Amendment. She further alleges that the disclosure to the Eagles Club was in violation of the duty and express agreement to keep the information confidential, placed the Plaintiff in danger of retaliation and retribution, and placed her in a position of special danger of having her liberty interest in her personal safety violated. Plaintiff also alleges that the disclosure had a chilling effect on her right to free speech under the First Amendment and that the disclosure interfered with her freedom of association, particularly as it related to other members of the Eagles Club, in violation of the First Amendment. Plaintiff finally alleges that the disclosure affected her property interest in continued public employment.

### III.   <u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. The United States Court of Appeals for the Seventh Circuit has explained that although a complaint need not contain detailed factual allegations to avoid Rule 12(b)(6) dismissal, it must contain "enough facts to state a claim for relief that is plausible on its face." *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). *See also Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 684 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937(2009)). The claim (or complaint) must "go beyond mere labels and conclusions" and contain "enough to raise a right to relief above the speculative level." *G&S Holdings, LLC v. Continental Casualty Co.*, 697 F.3d 534, 537-38 (7th Cir. 2012).

Stated another way: "to withstand a Rule 12(b)(6) challenge after *Iqbal* and *Twombly*, 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not *did* they happen.'" *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011)(citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010) (emphasis in original)).

Courts "must still approach motions under Rule 12(b)(6) by 'construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The court takes well-pled facts as true but does not accept as true statements of law or unsupported conclusory factual allegations. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

So this Court reviews Thomas' complaint, taking as true all well-pled factual allegations. After excising any allegations not accepted as true, the Court must decide whether the remaining factual allegations plausibly suggest that Thomas is entitled to relief. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Of course, a Rule 12(b)(6) dismissal motion "must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) (citing Fed.R.Civ.P. 10(c); *Segal v. Geisha NYC*

*LLC*, 517 F.3d 501, 504-05 (7th Cir. 2008)).[1]

## IV.   Analysis

### A.   Claim under 5 U.S.C. § 557

Both Defendants seek to dismiss Plaintiff's claims pursuant to **5 U.S.C. § 557**. Plaintiff cites to **5 U.S.C. § 557** at the beginning of her Amended Complaint indicating that her claims arise under **5 U.S.C. § 557**.   However, her Complaint fails to indicate in any subsequent section what part of § 557 is relevant to her allegations, nor does she allege how Defendants' actions violated § 557. A review of § 557 shows that it is a section of the **Administrative Procedures Act 5 U.S.C. § 501, *et seq.*** dealing with hearings before an agency.   An "agency" under the Act is defined as "each authority of the Government of the United States."   **5 U.S.C. § 551(a).**   As Defendants point out, this section applies to federal and not state agencies.   As the agency at issue in this case is the Illinois Liquor Control Commission, an agency of the State of Illinois, the Court fails to see how § 557 applies in this case.   Nor has Plaintiff indicated how this statute applies to the allegations in her Complaint.   Thus, the Court finds that Plaintiff's Amended Complaint fails to state a claim under **5 U.S.C. § 557**.

### B.   Claims under 42 U.S.C. § 1983

Plaintiff's Amended Complaint also alleges various claims under § 1983 including: her Fourteenth Amendment privacy interests, her Fifth and Fourteenth Amendment liberty interests in her reputation and in placing her in a position of special danger, her property interests in continued employment, and a chilling effect on her speech and her freedom of association under the First Amendment.

---

[1]   If, on a Rule 12(b)(6) motion, matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as a Rule 56 motion for summary judgment.   *General Ins. Co. of America v. Clark Mall Corp.*, 644 F.3d 375, 378 (7th Cir. 2011); Fed.R.Civ.P. 12(d).

1.     *Due Process Claims*

District Judge Reagan previously dismissed her due process claims for failure to state a claim because Plaintiff failed to allege any protected interest in which she was deprived.   Plaintiff now alleges that she had a privacy interest in not having her personal information disclosed, as well as a liberty interest in her reputation, and property interest in her continued public employment.

"The Due Process Clause of the Fifth and Fourteenth Amendments prohibits deprivation of life, liberty, and property without due process of law." *Mann v. Vogel,* **707 F.3d 872, 877 (7th Cir. 2013) (quoting** *Matamoros v. Grams***, 706 F.3d 783, 789-90 (7th Cir. 2013); U.S. Const. amends V, XIV).**   Stated another way, the due process clause prohibits the federal government from depriving a person of life, liberty, or property without due process.   A due process claim requires two levels of analysis:   "First, we must determine whether the plaintiff was deprived of a protected interest; second, we must determine what process is due."   *Munson v. Gaetz,* **673 F.3d 630, 637-38 (7th Cir. 2012) (quoting** *Leavell v. Illinois Dept. of Natural Resources***, 600 F.3d 798, 804 (7th Cir. 2010) (quoting** *Pugel v. Board of Trustees of Univ. of Illinois,* **378 F.3d 659, 662 (7th Cir. 2004))).**

The Seventh Circuit has recently explained that "to properly plead a [procedural] due process claim under § 1983, [a plaintiff] must sufficiently allege (1) that she had a cognizable...interest under the Fourteenth Amendment; (2) that she was deprived of that...interest; (3) and that the deprivation was without due process." *Mann,* **707 F.3d at 877.**   Plaintiff's Amended Complaint fails to allege these three elements.

Although it is not exactly clear from Plaintiff's Complaint whether she alleges a procedural due process claim, as well as a substantive due process claim, Plaintiff does allege that Defendants have violated several liberty and property interests which could be categorized as interests

for a procedural due process claim.   Plaintiff alleges that her reputation as a public employee and her property interest in public employment has been violated.   However, as Defendants point out, the Supreme Court has held that a person "does not have a protectable liberty or property interest in her reputation."   *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir. 2002) (citing *Paul v. Davis*, 424 U.S. 693, 701, 711-12, 96 S.Ct. 1155 (1976)); *Brown v. City of Michigan City, Indiana*, 462 F.3d 720, 730-731 (7th Cir. 2006)("**stigma alone does not establish the deprivation of a constitutionally protectable liberty interest.**").   Further, defamation does not interfere with a liberty interest, "even when it causes 'serious impairment of [one's] future employment.'"   *Id.* (quoting *Siegert v. Gilley*, 500 U.S. 226, 234, 111 S.Ct. 1789 (1991)).   The Seventh Circuit has held that there is only a liberty interest when an alteration of a legal status combines with the injury resulting from defamation.   For example, the Seventh Circuit has held that a "state employee[] [has] a liberty interest in not being discharged from their employment while being defamed such that they cannot get other government employment."   *Hojnacki*, 285 F.3d at 548 (citing *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 356 (7th Cir. 1998)).

It appears that Plaintiff may be trying to fit her claim under this exception as she alleges that her reputation as a *public* employee has been harmed and that her continued *public* employment was effected,[2] but she has not alleged such a violation of a liberty interest in this case. There is no allegation that she was terminated from her employment as a result of damage to her reputation, that she is

---

[2] The Court, however, notes that Plaintiff fails to indicate in her responsive brief whether or not this is the legal theory which she seeks to categorize her Amended Complaint under.   In fact, Plaintiff's responsive brief does no more than state that she has alleged that Defendants violated state regulations by disclosing her confidential information and that in doing so those disclosures violated her constitutional rights.   Her response merely states that her complaint apprises Defendants of "the theories of liability being advanced and her damages."   Plaintiff never fully explains how her Amended Complaint alleges each constitutional violation.   Further, as Judge Reagan previously stated, §1983 requires that Plaintiff's claims be based on deprivation of a right secured by the federal constitution or federal law.   ***Goros v. County of Cook***, 489 F.3d 857, 859 (7th Cir. 2007).   Thus, violations of state regulations would not suffice for stating a claim under § 1983.

unable to work in comparable employment, or that Defendants themselves defamed her.   Thus, she has not alleged that Defendants violated a liberty or property interest, nor has she alleged what adequate process was due to her in this case.   Thus, her procedural due process claim fails.

The Due Process Clause, however, also protects against government interference with certain fundamental rights and liberty interests.   The United States Supreme Court has declared that the "Due Process Clause guarantees more than fair process, and the 'liberty' it protects includes more than the absence of physical restraint." *Washington v. Glucksberg*, **521 U.S. 702, 719, 117 S.Ct. 2258 (1997) (citing** *Collins v. Harker Heights*, **503 U.S. 115, 125, 112 S.Ct. 1061 (1992) (Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'").**

Viewed as a claim for a violation of her right to substantive due process, Plaintiff has offered several liberties which she alleges Defendants violated.   Those liberties include:  a protected privacy interests in her personal information and her reputation as a public employee.   The list of fundamental rights and protected liberty interests, however, "is...a short one, including things like the right to marry, the right to have children, the right to marital privacy, the right to contraception, and the right to bodily integrity." *Sung Park v. Indiana University School of Dentistry,* **692 F.3d 828, 832 (7th Cir. 2012).**   Judge Reagan previously found that the right to nondisclosure of an anonymous complaint of illegal gambling at a local social club does not appear to fit within the list of fundamental rights (Doc. 23 at p. 8).   Judge Reagan also noted that the Seventh Circuit has precisely declared that the Supreme Court "has never held that disclosure of private information denies due process," and appellate courts have limited any such rights to highly personal information such as medical, sexual, and financial information. *Wolfe v. Schaefer,* **619 F.3d 782, 785 (7th Cir. 2010).**   Plaintiff's Amended Complaint does not allege any of this private information; in fact, she only alleges

that her name and address were disclosed.   Further, as the Court previously noted, there is no liberty interest in a person's reputation.   These disclosures do not appear to fall within the list of fundamental rights that have been set forth by the Courts, and the Supreme Court, as Judge Reagan noted, has cautioned sternly against expanding substantive due process rights.   *Sung Park*, **602 F.3d at 832.**   Accordingly, Plaintiff has also failed to allege a substantive due process claim.

Plaintiff's Complaint does allege that Defendants' actions in disclosing her confidential information placed "Plaintiff in danger of retaliation or retribution from members of the Eagles Club and Stahlman, and thus put the [P]laintiff in a position of special danger of having her liberty interest in her personal safety violated." (Doc. 24 at ¶ 8).   By alleging that Defendants placed her in a "position of special danger", Plaintiff seems to be invoking the principle of the state-created danger doctrine, although the Court notes that Plaintiff originally disavowed raising a claim under the state-created danger doctrine (see Doc. 18) and her current responsive brief (Doc. 37) is silent as to whether her Amended Complaint is raising such a claim.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution "does not impose upon the state a duty to protect individuals from harm by private actors."   *Jackson v. Indian Prairie Dist. 204*, **653 F.3d 647, 654 (7th Cir. 2011)(quoting** *Buchanan-Moore v. County of Milwaukee*, **570 F.3d 824, 827 (7th Cir. 2009)).**   The caselaw, however, recognizes two exceptions to this general rule.   The first exception is triggered when a state has custody over a person and does not apply to this case.   *Id.*   The second exception, and the one which is applicable here, arises if the state "affirmatively places a [person] in a position of danger" that person would not otherwise have faced.   *Id.*   This is referred to as the state-created danger doctrine. *Id.*   Plaintiff's Amended Complaint, particularly paragraph 8, appears to allege a cause of action under this theory.

To state a due process claim under a state-created danger theory, a plaintiff must allege that (1) the defendant, by his affirmative acts, created or increased a danger that the plaintiff faced; (2) the defendant's failure to protect the plaintiff from danger was the proximate cause of her injuries; and (3) the defendant's failure to protect the plaintiff "shocks the conscience." *See Jackson***, 653 F.3d at 654 (citing** *King ex rel. King v. East St. Louis School Dist. 189***, 496 F.3d 812, 817-18 (7th Cir. 2007);** *Buchanan-Moore***, 570 F.3d at 828 ("because the right to protection again state-created dangers is derived from the substantive component of the Due Process Clause, the state's failure to protect the individual must shock the conscience.").** However, only the most egregious conduct by a state official satisfies this stringent requirement. "Making a bad decision, or even acting negligently, does not suffice to establish the type of conscience-shocking behavior that results in a constitutional violation." *Jackson***, 653 F.3d at 654-55 (citing** *County of Sacramento v. Lewis***, 523 U.S. 833, 849, 118 S.Ct. 1708 (1998)).**

Here, Plaintiff's Complaint alleges that Defendants placed her in danger of retaliation by the Eagles Club and the Eagles president, Stahlman, by disclosing her information to the Eagles Club in violation of an agreement and rules of the Illinois State Liquor Control Commission. Defendants' failures to protect her confidentiality put her in danger as to her personal safety and left her emotionally distraught. While Plaintiff seemingly alleges that both Defendants Mendenhall and Hyde put her in danger of retaliation, her Complaint only alleges that Defendant Hyde released her information to the Eagles Club. There are no allegations that Mendenhall released her information to the Eagles Club and Stahlman, thereby placing her in danger. Thus, the Court finds that Plaintiff has failed to allege a claim under the state-created danger doctrine as to Mendenhall.

Plaintiff does, however, allege that Defendant Hyde, in violation of the agreement to keep her information confidential, released Plaintiff's information, thereby placing her in danger.

Although Defendant Hyde notes that there are issues as to whether the state-created danger theory protects the sort of danger presented by Plaintiff's allegations and as to whether his behavior shocks the conscience, the Court finds that Plaintiff has alleged enough facts to state a plausible claim of relief under the doctrine.   If Plaintiff's claims that Hyde disclosed information to the Eagle Club's attorney when he knew that her information was to be kept confidential and when he no longer was involved in the case as a prosecutor, Hyde's behavior could certainly be described as shocking the conscience. While Plaintiff's Amended Complaint does not do the best job of setting forth these allegations, the Court finds that Plaintiff has stated enough facts to state a claim at this stage.   Further discovery will reveal whether Plaintiff should have been protected from this danger and whether Hyde's actions shock the conscience.   Thus, the Court finds that Plaintiff's claim against Defendant Hyde under the state-created danger doctrine survives the motion to dismiss.   The Court will discuss whether Defendant Hyde has immunity as to this claim below.

   2.   *First Amendment Claims*

   Plaintiff's Amended Complaint also alleges that Defendants violated her First Amendment rights as the disclosure had a chilling effect on her right of free speech and interfered with her freedom of association with other members of the Eagles Club.

   As to Plaintiff's allegations that Defendants' disclosures had a chilling effect on Plaintiff's right of free speech, under § 1983, Plaintiff must allege that a state actor deprived her of a federally secured right.   ***Mosely v. Board of Educ. of City of Chicago***, **434 F.3d 527, 533 (7th Cir. 2006).**   To show that Defendants violated her First Amendment rights, Plaintiff must show that "her speech was constitutionally protected, that the [state actor] took an adverse action against her, and that [their] action was motivated by her constitutionally protected speech."   ***Id.* (citing *Smith v. Dunn*, 368 F.3d 705, 708 (7th Cir. 2004)); *Biven v. Trent*, 591 F.3d 555, 559 (7th Cir. 2010).**   Plaintiff

must also show that the deprivation that she experienced as a result of the adverse conduct would "deter a person of ordinary firmness" from exercising her First Amendment rights. *Bridges v. Gilbert*, **557 F.3d 541, 555 (7th Cir. 2009).**

Here, Plaintiff has failed to allege that Defendants' actions in disclosing her personal information was the type of conduct that would deter a person of ordinary firmness from exercising her rights in the future, nor has she alleged that their actions were motivated by her constitutionally protected speech.   While harassment can certainly have a chilling effect on speech and be actionable under § 1983, *see Surita v. Hyde*, **665 F.3d 860, 878-79 (7th Cir. 2011)(First Amendment "prohibits threats of punishment designed to discourage future protected speech.");** *Mosely*, **434 F.3d at 534-35,** Plaintiff has not alleged that Defendants participated in the harassment but rather the Eagles Club members harassed her about her complaint.   Further, Plaintiff has not alleged that Defendants sought to disclose her personal information because of her speech; in other words, Plaintiff has not offered any facts to allege that Defendants disclosed her information in retaliation for her making the complaint.

Plaintiff's Complaint fairs no better under her allegations of interference with her freedom of association.   The Supreme Court has recognized two types of associations which are protected by the Constitution:   intimate associations and expressive associations.   Freedom of intimate association is, however, protected by the due process clauses.   *Montgomery v. Stefaniak,* **410 F.3d 933, 937 (7th Cir. 2005)(citing** *Swank v. Smart*, **898 F.2d 1247, 1251-52 (7th Cir. 1990));** *Goodpaster v. City of Indianapolis*, **736 F.3d 1060, 1072 (7th Cir. 2013).**   The First Amendment protects freedom of expressive associations and "ensures the right to associate for the purposes of engaging in activities protected by the First Amendment."   *Id. (Roberts v. Jaycees,* **468 U.S. 609, 617-18, 104 S.Ct. 3244 (1984)).**   The freedom ensures that the majority cannot force its views "on

groups that choose to express unpopular views"; thus, the government violates the freedom of association in many ways including: "imposing penalties or withholding benefits from individuals because of their membership in a disfavored group and interfering with the internal organization or affairs of the group." *Christian Legal Society v. Walker*, **453 F.3d 853, 861 (7th Cir. 2006) (internal citations omitted).**

As Plaintiff's Amended Complaint alleges that Defendants' disclosure of her personal information interfered with her freedom of association protected by the First Amendment, the Court presumes that she seeks to allege an interference with her expressive associations, namely with members of the Eagles Club.  However, as Defendants point out, Plaintiff has not alleged how her right to associate has been infringed.  Instead, Plaintiff merely offers conclusory statements that her freedom of association has been infringed and fails to support her legal conclusions with factual allegations to support this claim.  Thus, the Court **GRANTS** Defendants' motion to dismiss her § 1983 claims under the First Amendment.

## C.     Hyde's Immunity

As the only claim which Plaintiff has properly alleged is a claim against Defendant Hyde under the state-created danger doctrine, the Court need only discuss Defendant Hyde's arguments regarding immunity.   Defendant Hyde argues that he is entitled to absolute immunity for his prosecutorial actions or qualified immunity.

Hyde maintains that he is entitled to absolute immunity for activities he performed as a prosecutor in the criminal proceedings.   Absolute immunity covers both activities occurring in the courtroom and activities "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, **555 U.S. 335, 343, 129 S.Ct. 855 (2009).**   Absolute immunity does cover acts in a prosecutorial capacity, but "prosecutors are not entitled to absolute immunity when

performing 'acts of investigation or administration.'" *Lewis v. Mills*, **677 F.3d 324, 330 (7th Cir. 2012) (quoting** *Buckley v. Fitzsimmons*, **509 U.S. 259, 270, 2235 S.Ct. 2606 (1993)).** On the Rule 12(b)(6) motion and consideration of the Amended Complaint, the Court cannot declare that Hyde was undertaking core prosecutorial actions when he made the alleged disclosures referenced in the Amended Complaint. The Amended Complaint alleges that at the time that Hyde disclosed Plaintiff's complaint to the Eagle Club's attorney, he was not a prosecutor on the case as he had sought to appoint a special prosecutor and one had been appointed on April 26, 2011, almost a month prior to when Hyde disclosed the materials to John Racklin on May 24, 2011. Thus, the Court cannot determine at this time that Hyde is entitled to absolute immunity and thus **DENIES** Defendant Hyde's motion on that part.

Hyde also argues that he is entitled to qualified immunity on Plaintiff's claim as he argues that he did not violate a clearly established constitutional right when he revealed Plaintiff's name to the Eagles Club attorney. "Government officials enjoy qualified immunity, and are thus shielded from civil liability, 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Miller v. Jones*, **444 F.3d 929, 934 (7th Cir. 2006) (quoting** *Schad v. Jones*, **415 F.3d 671, 673 (7th Cir. 2005);** *Anderson v. Creighton*, **483 U.S. 635, 638, 107 S.Ct. 3035 (1987)).** Stated another way, "qualified immunity protects officers performing discretionary functions from civil liability as long as their conduct does not violate *clearly established* statutory or constitutional rights that a reasonable person would know about." *Koger v. Bryan*, **523 F.3d 789, 802 (7th Cir. 2008) (quoting** *Mustafa v. City of Chicago*, **442 F.3d 544, 548 (7th Cir. 2006) (emphasis in original));** *Ashcroft v. Al-Kidd*, **-- U.S. --, 131 S.Ct. 2074, 2093 (2011) (Courts will not deny qualified immunity unless "existing precedent…placed the statutory or constitutional question beyond debate.");** *Malley v. Briggs*, **475 U.S. 335, 341, 106**

**S.Ct. 1092 (1986) (Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law.").**

Qualified immunity claims involve a dual inquiry: "(1) whether the official's conduct violated a constitutional right, and (2) whether that right was clearly established at the time." *Alexander v. McKinney*, **692 F.3d 553, 555 (7th Cir. 2012).** A court may tackle these questions in either order, "and a negative answer to either question entitled the official to the defense." ***Id.*** **at 556 (citing** *Reher v. Vivo*, **656 F.3d 772, 775 (7th Cir. 2011);** *Hanes v. Zurick*, **578 F.3d 491, 493 (7th Cir. 2009).**

Qualified immunity is an affirmative defense on which the defendant bears the burden of proof, and plaintiffs need not plead around anticipated defenses. For this reason, typically, Rule 12(b)(6) dismissal is not appropriate. As the Seventh Circuit has stated:

> a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds. ***See Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000).** Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: "[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." ***Id.*** As noted in Jacobs' concurrence, "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal…and when defendants do assert immunity it is essential to consider facts in addition to those in the complaint." ***Id.* at 775 (Easterbrook, J., concurring).**

*Alvarado v. Litscher*, **267 F.3d 648, 651-52 (7th Cir. 2001).**

Thus, "[a]t the Rule 12(b)(6) stage of the proceeding, …[the plaintiff is] required only to allege – not prove- the deprivation of a constitutional right." ***Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008).** In *Tamayo*, the complaint alleged sufficient facts to state a claim for sex discrimination (under Title VII and the Equal Pay Act), and "the right to be free from sex discrimination is clearly established;" so "[t]aking all facts pleaded in [the] complaint as true, the defendants violated a clearly established constitutional right [and] a grant of qualified immunity [was]

inappropriate at this point in the proceedings." *Id.*

Likewise, Plaintiff has alleged that Defendant Hyde's actions of releasing Plaintiff's personal information put her in danger of retaliation from the Eagles Club and Stahlman.   Plaintiff's allegations, taken as true from the Amended Complaint, fall within the state-created danger doctrine of the Due Process Clause.   Thus, at this stage Plaintiff has alleged that Defendant Hyde violated a clearly established constitutional right and thus the Court cannot grant Defendant Hyde qualified immunity at this time.

### V.   Conclusion

Accordingly, the Court **GRANTS** Defendant Mendenhall's Motion to Dismiss (Docs. 32 and 33) and **DISMISSES** all of Plaintiff's claims against Defendant Mendenhall for failure to state a claim.   As Plaintiff was previously granted leave to amend her Complaint and her allegations still fail to state a claim, the Court **DISMISSES** Plaintiff's claims **with prejudice**.   *See Leavell v. Illinois Dept. of Natural Resources*, **600 F.3d 798, 808 (7th Cir. 2010)(dismissed with prejudice when amended complaint failed to state a claim).**   The Court also **GRANTS IN PART AND DENIES IN PAR**T Defendant Hyde's Motion to Dismiss (Doc. 35) and **DISMISSES with prejudice** all of Plaintiff's claims against Hyde *except* for her limited due process claim against Hyde under the state-created danger theory.   Thus, the only claim that survives is Plaintiff's claim that Defendant Hyde placed Plaintiff in danger from members of the Eagles Club and Eagles president Stahlman by disclosing her name and address.

**IT IS SO ORDERED**.
DATED: September 15, 2014.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge